**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 7, 2013

No. 12-40259
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE ANGEL SAAVEDRA-MORENO,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:10-CR-1870-1

Before REAVLEY, JOLLY and DAVIS, Circuit Judges.

PER CURIAM:[*]

Jose Angel Saavedra-Moreno (Saavedra) appeals his conviction and sentence for possession of methamphetamine with intent to distribute. Finding no reversible error, we affirm.

Saavedra first challenges the district court's imposition of a two-level adjustment for his role pursuant to § 3B1.1(c) of the Sentencing Guidelines, which also resulted in the denial of a safety valve adjustment. Saavedra contends that the enhancement is inapplicable because the person he allegedly

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

directed was a confidential source (CS). Alternatively, he argues that the district court erred by concluding that he was the person heard speaking in a recorded telephone conversation with the CS.

Although Saavedra objected to the enhancement on the second ground he raises here, he did not do so on the first ground. Thus, we review that argument for plain error. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009); *United States v. Cabral-Castillo*, 35 F.3d 182, 188-89 (5th Cir. 1994). The Government concedes that the CS cannot be a participant for purposes of a § 3B1.1 enhancement. Nevertheless, we conclude that any plain error there may have been did not affect Saavedra's substantial rights. Saavedra did not dispute the presentence report's factual determination that he directed another coconspirator, who was unidentified, to deliver a drug-laden van along with $1,200 to the CS. As those facts would support the enhancement, Saavedra cannot show a reasonable probability that, but for the error, the outcome would have been different. *See United States v. Marquez*, 685 F.3d 501, 510 (5th Cir. 2012). We need not reach Saavedra's alternative argument regarding the district court's findings with respect to the recorded telephone call. Given the determination regarding Saavedra's role, it follows that the court did not reversibly err by denying him a safety valve reduction. *See* U.S.S.G. § 5C1.1(a)(4).

Saavedra also contends that the factual basis is insufficient to support his plea because it did not establish that he knew the drug type and quantity. As Saavedra concedes, his argument is foreclosed by this court's decision in *United States v. Betancourt*, 586 F.3d 303, 307-09 (5th Cir. 2009). He raises it solely to preserve it for further review.

The judgment of the district court is AFFIRMED.